OPINION
{¶ 1} Defendant-appellant Teresa A. Hensley ("Hensley") brings this appeal from the judgment of the Court of Common Pleas of Crawford County, Juvenile Division, finding Hensley guilty of failure to send her child to school.
 {¶ 2} On March 7, 2003, Hensley was charged with causing two of her three children to be habitually truant by failing to send them to school.[1] Counsel was appointed to Hensley because she was found to be indigent. On May 22, 2003, a trial was held. At the trial, testimony was given that Cassandra, Hensley's 13 year old daughter, had 19 unexcused absences. Testimony was also given that Aaron, Hensley's 15 year old son, had 29 unexcused absences. Hensley testified that she got her children up, dressed, and fed. She testified that she then sent them to school and that her oldest daughter always went. On one occasion, Hensley drove Cassandra to school and physically dragged her into the building. Since then, Hensley has lost her car, so the children must walk to school. Hensley also testified that she does not have a phone, so is not able to verify with the school that the children are there and that the school does not contact her when the children are not there. The assistant principal testified that he did not know how many of the absences were from the children "skipping" school rather than Hensley not sending them. The assistant principal also testified that if the children were "skipping" school without Hensley's knowledge, then the children are at fault, not Hensley.
 {¶ 3} At the conclusion of the trial, the trial court found Hensley guilty of failing to send her children to school. Hensley was sentenced to a $250.00 fine and seventy hours of community service. The fine, court costs, and 50 hours of community service were suspended. It is from this judgment that Hensley appeals and raises the following assignment of error.
The trial court abused its discretion and committed reversible error byfinding [Hensley] guilty of failing to send her children to school.
 {¶ 4} This court notes that the State has failed to file a brief. "If an appellee fails to file the appellee's brief within the time provided by this rule, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18.
 {¶ 5} In this case, Hensley points to testimony that indicates that she was not aware that her children were not attending school. She testified that she got them up, made sure they were dressed, fed them breakfast, and sent them out of the house to go to school. Her oldest child followed her mother's instructions and attended school regularly. The youngest two frequently "skipped" school. The testimony given was that the school did not know if the children were just "skipping" school or if Hensley was permitting them to not attend. Since the State failed to file a brief, Hensley's statement of facts can be accepted as true. The brief reasonably appears to sustain a judgment of reversal. Thus, pursuant to App.R. 18, the assignment of error is sustained.
 {¶ 6} The judgment of the Court of Common Pleas of Crawford County is reversed and the cause is remanded for further proceedings.
Judgment reversed and cause remanded.
WALTERS and CUPP, JJ., concur.
[1] The children were also charged with being unruly in separate actions. Both children entered admissions to the charge of unruly for "skipping" school.